IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM D. JONES, | ) |
|       Plaintiff, | )     8:05cv80 |
| vs. | )     MEMORANDUM AND ORDER |
| UNITED STATES MERIT SYSTEMS PROTECTION BOARD and FARM CREDIT ADMINISTRATION, | ) |
|       Defendants. | ) |

This matter is before the court on filing no. 14, the Motion to Dismiss filed by the United States of America on behalf of the named defendants, the United States Merit Systems Protection Board and Farm Credit Administration. The plaintiff, William D. Jones, opposes the motion in filing nos. 17 and 18.

The Farm Credit Administration ("FCA") removed the plaintiff from his position as a Farm Credit Examiner, effective August 31, 1979, for "insubordination, absence without leave (AWOL), disrespectful conduct towards supervisory personnel, and failure to follow instructions." Jones v. Farm Credit Administration, 3 M.S.P.B. 540; 3 M.S.P.R. 471, 472 (1980) (available on Westlaw). The plaintiff petitioned for review to the Merit Systems Protection Board ("MSPB"). The MSPB found the record insufficiently developed, reversed and remanded so that the presiding FCA official could reopen the record and allow the parties a reasonable opportunity to supplement the record before the FCA made a new adjudication. Id., 3 M.S.P.R. at 473-74.

After taking additional evidence, the presiding agency official again sustained the plaintiff's removal, and the plaintiff again petitioned for review by the MSPB. See Jones v. Farm Credit Administration, 10 M.S.P.B. 138; 11 M.S.P.R. 159 (1982) (available on Westlaw). The MSPB affirmed the removal, with a minor modification, and notified the plaintiff of his right to seek judicial review.

The plaintiff appealed the second decision of the MSPB to the Eighth Circuit Court of Appeals. The Eighth Circuit upheld the discharge, and the U.S. Supreme Court denied the plaintiff's petition for writ of certiorari. Jones v. Farm Credit Administration, 702 F.2d 160 (8th Cir.), cert. denied, 463 U.S. 1212 (1983).

In September of 2001, the plaintiff attempted to reopen his MSPB appeal based on new documents obtained from the FCA through the Freedom of Information Act. On February 5, 2001, Administrative Law Judge Joseph H. Hartman issued an initial decision of the MSPB. dismissing the plaintiff's appeal on the basis of res judicata. The decision stated in pertinent part:

> The appellant was informed by this office that his appeal appeared to involve the same parties and the same issue that had previously been adjudicated by the Board. Therefore, the doctrine of res judicata may apply to his appeal. The appellant was given the opportunity to clarify the basis for his appeal and to present evidence and argument to show good cause why this appeal should not be dismissed for lack of jurisdiction. The agency was also given an opportunity to respond on the jurisdictional issue. See Initial Appeal File (IAF), Tab 2. In his responses, the appellant indicates that his appeal is based on new evidence he received from the agency in 1999/2000; he further cites 5 C.F.R. § 1201.118 as the provision he relies upon for filing the instant appeal. IAF, Tabs 3, 8. The agency cites the doctrine of res judicata and moves for dismissal of the appeal in its response.
>
> I note that the doctrine of res judicata applies when the matter appealed involves the same parties and issues. See Davis v. Department of the Navy, 35 M.S.P.R. 107, 109 (1987); Peedin v. Department of the Navy, 23 M.S.P.R. 549, 551 (1984), aff'd, 785 F.2d 321 (Fed. Cir. 1985) (Table). From the record, I find that the same parties were involved in the appellant's prior appeal regarding his removal, and that the matter has already been adjudicated in the appellant's previous appeal to the Board, which became final on April 19, 1982 (SL-0752-80-0180-B-1).[1]
>
> > [1][T]he appellant's reliance on 5 C.F.R. § 1201.118 as a basis for reopening his appeal at this level is incorrect. That section relates to the Board's authority to reopen a case and to reconsider findings of an initial decision. If the appellant intends to pursue this matter under the provisions of section 1201.118, he must file a petition for review with the Board....

2

Jones v. Farm Credit Administration, 2001 WL 1619628 (Feb. 5, 2001) (text available on Westlaw).  The full Board denied further relief.  Jones v. Farm Credit Administration, 90 M.S.P.R. 453 (Nov. 15, 2001) (unpublished).  The plaintiff then appealed to the Federal Circuit Court of Appeals.  See Jones v. Farm Credit Administration, 49 Fed. Appx. 317 (Oct. 25, 2002), *rehearing denied* (Dec. 16, 2002).  The Federal Circuit affirmed the dismissal of the appeal on grounds of res judicata, stating in pertinent part:

> On September 18, 2000, Mr. Jones asked the Board to reopen his appeal, based on new documents that he obtained through the Freedom of Information Act. The Board declined to reopen the case, and this appeal followed.
>
> .... A fully litigated and previously decided action is final, and not subject to relitigation or reopening absent extraordinary circumstances that might warrant remedial action in the interest of justice.
>
> Mr. Jones states that he has obtained documents that he should have been given during discovery at the time of his removal.  The agency responds that he had full access to his personnel files at the appropriate times.  However, even on Mr. Jones' representation that these newly obtained documents were not in the files he received for review, he does not show that their content might reasonably have changed the result before the Board or the Eighth Circuit.

Id. at 317.

> We have not been shown any reasonable interpretation of the newly obtained documents that could meet the criteria for reopening a final judgment.  The Board's decision of dismissal on the ground of res judicata is affirmed.

Id. at 317-18.

The complaint in this action indicates that after the foregoing litigation, the plaintiff invoked the Privacy Act in May of 2004, to require the MSPB to amend its records.  The specific material which the plaintiff seeks to correct is the following language in the initial decision of February 5, 2001, by Administrative Law Judge Hartman of the MSPB, dismissing the plaintiff's appeal on the basis of res judicata:  "[The plaintiff's] appeal appeared to involve the same parties and the same issue that had previously been

adjudicated by the Board." Jones v. Farm Credit Administration, 2001 WL 1619628 (Feb. 5, 2001), aff'd, 90 M.S.P.R. 453 (Nov. 15, 2001). The plaintiff vigorously protests that statement as factually inaccurate.

The United States argues that the Privacy Act has no application in the circumstances of this case, and thus, the plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), failure to state a claim on which relief may be granted. I agree.

The Privacy Act of 1974, 5 U.S.C. § 552(a), regulates the collection and use of records by federal agencies. The Privacy Act protects the public from unwarranted collection, maintenance, use and dissemination of personal information contained in federal agency records, and "subsection [§ 552a](g)(1)(A) provides for the correction of any inaccurate or otherwise improper material in a record." Doe v. Chao, 540 U.S. 614, 618 (2004). "The Privacy Act was passed largely out of concern over 'the impact of computer data banks on individual privacy'" and "federal concern over centralized data bases." United States Dept. of Justice v. Reporters Committee For Freedom of Press, 489 U.S. 749, 749 (1989) (citation omitted).

However, the Privacy Act applies only to information maintained in a "system of records." 5 U.S.C. § 552a(b). "[T]he determination that a system of records exists triggers virtually all of the other substantive provisions of the Privacy Act, such as an individual's right to receive copies and to request amendment of her records." Henke v. United States Dept. of Commerce, 83 F.3d 1453, 1459 (D.C. Cir. 1996).

The Act defines "system of records" as a "group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual." 5 U.S.C. § 552a(a)(5). A "record" means "any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph." 5 U.S.C. §

4

552a(a)(4).

In denying the plaintiff's request to amend its records, the MSPB explained in various communications to the plaintiff (see attachments to complaint) that adjudications by the MSPB as reflected in the Board's decisions are fundamentally different from a "record" within a "system of records" held by an agency subject to the Privacy Act. In its summary judgment motion, the United States reiterates that the Privacy Act simply does not apply to the language in judgments issued by federal officials charged with administrative decision-making. Furthermore, the plaintiff may not collaterally attack prior decisions of the MSPB by seeking amendment of Board decisions through use of the Privacy Act.

The functions of "collection, maintenance, use and dissemination of personal information," Doe v. Chao, 540 U.S. at 618, differ significantly from the function performed by an entity such as the MSPB, which adjudicates disagreements and pronounces decisions after inquiry and deliberation. While the intake of factual information and some sort of retrieval *capability* by personal identifier may incidentally occur as a consequence of adjudicating disputes, retrieval *capability* is not sufficient to create a system of records. Henke v. United States Dept. of Commerce, 83 F.3d at 1461. To have a "system of records" subject to the Privacy Act, an agency must have an actual practice of gathering or retrieving information by an individual's name; retrieval capability by means of a personal identifier does not suffice. Id. at 1459-61. Thus, the Privacy Act contemplates an agency practice of collecting and retrieving factual information about individuals, in which case, the Act affords individuals rights to access and correct their personal information in such records.

In this case, the offending language, i.e., the finding that "[the plaintiff's] appeal appeared to involve the same parties and the same issue that had previously been adjudicated by the Board," and the resulting legal conclusion that further litigation of the plaintiff's removal from his job is, therefore, barred by res judicata, have been affirmed by the MSPB and the Eighth Circuit Court of Appeals. The contents of the decision by the

MSPB are not subject to amendment under the Privacy Act. See, e.g., McCready v. Principi, 297 F. Supp.2d 178, 190-91 (D. D.C. 2003):

> The [Privacy Act] statute allows for correction of facts but not correction of opinions or judgments, no matter how erroneous such opinions or judgments may be. See Peller[in] v. Veterans Admin., 790 F.2d 1553, 1555 (11th Cir. 1986) ("The Privacy Act allows for the amendment of factual or historical errors. It is not, however, a vehicle for amending the judgments of federal officials ... as ... reflected in records maintained by federal agencies."). The opinions of agency officials "may be subject to debate, but they are not subject to alteration under the Privacy Act as long as the opinions are recorded accurately." Reinbold v. Evers, 187 F.3d 348, 361 (4th Cir. 1999); see also Blevins v. Plummer, 613 F.2d 767, 768 (9th Cir. 1980) (*per curiam*) ("Blevins requested correction not of an error of fact, but of an error of judgment. Therefore, the Privacy Act simply does not apply."). These principles have been frequently applied in this Court.

THEREFORE, IT IS ORDERED:

1. That filing no. 14, the defendants' Motion to Dismiss, is granted;

2. That all other pending motions are denied as moot;

3. That the plaintiff's complaint and this action are dismissed with prejudice for failure to state a claim on which relief may be granted under the Privacy Act of 1974; and

4. That a separate judgment will be entered accordingly.

October 3, 2005.            BY THE COURT:

                            /s *Richard G. Kopf*
                            United States District Judge